BENJAMIN B. WAGNER
United States Attorney
KYLE REARDON
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700
(916) 554-2900 FAX

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:13-CR-00237 LKK |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER CONTINUING STATUS CONFERENCE FROM MAY 6, 2014, TO JUNE 17, 2014** |
| JESSE R. TICER, | |
| Defendant. | |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set for status on May 6, 2014.

2.  By this stipulation, the parties now move to continue the status conference until June 17, 2014, and to exclude time between May 6, 2014, and June 17, 2014 under Local Code T4.

3.  The parties agree and stipulate, and request that the Court find the following:

    a. The government has represented that the discovery associated with this case includes a significant amount of computer evidence.  Some of this discovery has been

1 provided, or has been made available to the defense for review.

2     b. Counsel for the defendant is unable to devote the time necessary to review of the evidence because of other duties.  Currently, defense counsel is in a trial in Marin County.  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    c. The parties have negotiated a resolution in state court.  The continuance is necessary to allow for the defendant to enter a plea in that case at the end of May.  Following the defendant's plea and sentencing, the United States intends to dismiss the federal charges against the defendant.

    d. The government does not object to the continuance.

    e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., the time period of May 6, 2014 to June 17, 2014, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), Local Code T4, because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 8, 2014                                  Respectfully Submitted,

                                                    BENJAMIN B. WAGNER
                                                    United States Attorney

                                            By:     */s/ Kyle Reardon*
                                                    KYLE REARDON
                                                    Assistant U.S. Attorney

Dated: May 8, 2014                                  */s/ Kyle Reardon* for
                                                    STEVEN WHITWORTH
                                                    Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JESSE R. TICER, ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CASE NO. 2:13-CR-00237 LKK <br><br> **ORDER CONTINUING STATUS CONFERENCE FROM MAY 6, 2014, UNTIL JUNE 17, 2014** |

The parties' stipulation is approved and so ordered. The time beginning May 6, 2014, until June 17, 2014, is excluded from the calculation of time under the Speedy Trial Act. For the reasons contained in the parties' stipulation, this exclusion is appropriate to ensure effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv); Local Code T4. The interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Dated: May 6, 2014

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT